Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 55901.**—Burroughs Wellcome & Co., Inc. v. United States, protest 78563–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 25, 1951

**No. 55902.**—American Express Co. et al. v. United States, protests 126167–K/921, etc. (Chicago).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 55903.**—Alleman & Gisiger et al. v. United States, protests 130972-K (A), etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all

material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than ⁹/₁₀ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 55904.**—Marie Wendel *v.* United States, protest 163388–K (Seattle).

Opinion by LAWRENCE, J. The record disclosed that the entry was liquidated on November 8, 1948, and that the protest was filed on September 7, 1949. Inasmuch as section 514, Tariff Act of 1930, provides that a protest may be filed against the liquidation of a collector "within sixty days after, but not before such liquidation," it was held that the protest herein was not filed in accordance with law. The protest was therefore dismissed.

**No. 55905.**—The Louis Allis Company *v.* United States, protest 165063–K (Milwaukee).

Opinion by LAWRENCE, J. It appearing that the plaintiff abandoned the claim in this protest, same was dismissed.

BEFORE THE THIRD DIVISION, SEPTEMBER 25, 1951

**No. 55906.**—Dixie Berry *v.* United States, protest 146918–K (Galveston).

Opinion by EKWALL, J. At the later hearing, the attorney who appeared as *amicus curiae* and as counsel for the plaintiff—at the request of the court—stated that his client had failed to take steps to comply with the regulations and law, and that, in his opinion, the court had done everything possible to render justice in the case. Upon the record presented, the court was constrained to overrule the claim for free entry.

**No. 55907.**—Litwin & Sons et al. *v.* United States, protests 127908–K, etc. (Cleveland).

Opinion by EKWALL, J. It was stipulated that the appraisements of the merchandise and the liquidations of the entries were made in the same manner, under facts and circumstances the same in all material respects, as the appraisement and liquidation in *The Gruen Watch Company* v. *United States* (24 Cust. Ct. 101, C. D. 1216). In accordance with stipulation and following the cited authority